**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tyson Lamont LUNDY, Defendant–Appellant.**

**No. 01–3319.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 2002.

Decided April 18, 2002.

Before POSNER, EASTERBROOK and RIPPLE, Circuit Judges.

**ORDER**

Tyson Lundy was sentenced to 120 months' imprisonment after he pleaded guilty to possession with intent to distribute crack. 21 U.S.C. § 841(a)(1). Lundy filed a notice of appeal, but his counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In counsel's view, the appeal should be dismissed because there are no nonfrivolous grounds for appeal. We agree that the appeal should be dismissed but for a different reason—it's untimely.

The district court imposed sentence and entered final judgment on August 15, 2001; thus, Lundy had ten days from that date, or until August 27 (August 25 was a Saturday), to appeal. Fed. R.App. P. 4(b)(1). Lundy, however, did not file a notice of appeal until August 29, which was two days late. After we notified Lundy's counsel that the appeal was untimely, he filed in the district court a motion for extension of time so that Lundy could proceed under the August 29 notice of appeal. In that motion counsel gave no reason for having missed the ten-day deadline. The district court ultimately granted the extension, but it gave no explanation for permitting the extension.

Rule 4(b)(4) of the Federal Rules of Appellate Procedure permits a district court to extend the time for filing a notice of appeal by up to forty days after the entry of judgment upon a showing of good cause or excusable neglect. The trouble here, however, is that there is no basis in the record for us to conclude that the untimely filing was due to good cause or excusable neglect. Counsel gave no excuse, and the district court identified none. Because Rule 4(b)(4) does not give a district judge "carte blanche to allow untimely appeals," *United States v. Marbley*, 81 F.3d 51, 52 (7th Cir.1996), we are compelled to DISMISS this appeal for want of jurisdiction.