**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Odell MARBLEY, Defendant–Appellant.**

**No. 94–2658.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 23, 1996.

Decided Feb. 9, 1996.

Timothy M. Morrison (argued), Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

F. Allen Tew, Jr. (argued), Indianapolis, IN, for Defendant–Appellant.

Before POSNER, Chief Judge, and BAUER and EVANS, Circuit Judges.

POSNER, Chief Judge.

The defendant was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 108 months in prison. The only ground of the appeal is that no reasonable jury could have found the defendant guilty beyond a reasonable doubt of the offense with which he was charged. Appeals on this ground rarely succeed and there is no reason to suppose this case an exception. The gun was found in the back of a car driven by the

defendant (he fled when the police stopped him) and the girlfriend's explanation for the presence of the gun—that the car was hers and the gun had been given her as payment for a "trick," though her standard price is $50 and the gun and ammunition found with it were worth more than $500—was not credible.

Yet although we are given no reason to doubt that a rational jury could have disbelieved the girlfriend, Rule 4(b) of the Federal Rules of Appellate Procedure prevents us from reaching the merits of the appeal and dispatching this case once and for all. The rule fixes a ten-day limit for appeals in a criminal case unless the defendant shows excusable neglect. The judgment in this case was entered on June 10, 1994, and the notice of appeal was not filed until July 8, almost thirty days later. In the notice of appeal appears the statement that "counsel for defendant, through inadvertence and excusable neglect failed to file the notice of appeal within the required ten (10) days and requests the District Court, pursuant to FRAP 4(b) to extend the time for filing an additional thirty (30) days." Counsel vouchsafed no fuller or further explanation of why the neglect could be thought excusable. Yet the government did not oppose the motion, and the district judge granted it without a statement (written or, so far as appears, oral—there is no indication of any hearing on the matter) of reasons. The government does not contest our jurisdiction. Asked at argument why not, its lawyer told us that he believes that judges prefer to decide cases on their merits.

There was neglect in missing the ten-day deadline, and no indication the neglect was excusable. The defendant's current lawyer speculates that the lawyer who filed the notice of appeal was busy with other matters. The government's lawyer could offer no better explanation than that the defendant's lawyer "blew the time."

If Rule 4(b) gave the district judge carte blanche to allow untimely appeals, our jurisdiction would be secure. The rule does not do this. It requires that the neglect resulting in the failure to comply with the ten-day deadline be "excusable." If counsel seeking forgiveness for a late filing fails to offer any excuse but merely recites that he *has* an excuse, the judge cannot determine whether the late filing was the result of excusable neglect and we cannot determine whether the judge's finding of excusable neglect has a rational basis. It is true that the belated notice of appeal in this case cited "inadvertence" as well as "excusable neglect" in extenuation of the untimely filing. But "inadvertence," without more, is not an excuse. It is merely a synonym for "neglect," and our court and the other courts of appeals have made clear that not every instance of neglect to file on time is excusable. *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132 (7th Cir.1996); *United States v. Clark*, 51 F.3d 42, 44 (5th Cir.1995); *United States v. Hooper*, 43 F.3d 26, 29 (2d Cir.1994). Since we have been given no reason to believe that the neglect here was excusable and suspect that it was not, we are compelled to dismiss the appeal for want of jurisdiction.

We are not happy with this result, which we reach only under compulsion of the rule. The fact that the notice of appeal was filed on July 8 rather than June 20 has no positive, and probably a negative, significance for the policy of expediting criminal proceedings. The lost time could easily be made up at a later stage in the appellate process by requiring the appellant to file his brief earlier than he would otherwise have to do (as we are empowered to require by Fed.R.App.P. 31(a) and 7th Cir.R. 31(a)), while our action in dismissing the appeal will, paradoxically, delay the final resolution of the criminal proceeding. For consider what comes next. Either the defendant's new counsel will make a compelling showing of excusable neglect by the old, leading to a well-grounded finding by the district judge of excusable neglect and so to reinstatement of the appeal, or counsel will file a motion under 28 U.S.C. § 2255 to vacate the conviction on the ground that by failing to perfect the appeal the defendant's original counsel caused the defendant to lose the right to effective counsel that the Sixth Amendment confers on him. If the motion was granted, as it would have to be since there is no suggestion that the defendant bore any responsibility for his lawyer's fail-

ure to file a timely appeal, *United States v. Nagib,* 56 F.3d 798, 800–801 (7th Cir.1995); *Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994); *United States v. Stearns,* 68 F.3d 328, 330–31 (9th Cir.1995), the appeal would again be reinstated.

It might be better to permit untimely appeals in any criminal case in which the district judge and the court of appeals agreed that the appeal should be heard. Although criminal judgments used not even to be appealable, today the right of a criminal defendant to appeal is considered so fundamental that the usual consequence of an inexcusable failure to perfect the appeal is merely to have the appeal heard later through the Sixth Amendment route described above. See, e.g., *Stutson v. United States,* —— U.S. ——, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996) (per curiam). This oblique approach serves no one's interest that we can see and introduces real delay into the system of criminal justice. But although we think Rule 4(b) is ripe for reexamination we are bound by it and the appeal must therefore be

DISMISSED.