92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene CHANEY, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2290.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 18, 1996.*
Decided July 18, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Eugene Chaney, Jr. was convicted of attempting to possess with intent to distribute approximately nine kilograms of cocaine. The district court treated his subsequent "Motion to Vacate and Correct Illegal Conviction Pursuant to F.R.C.P.Rule 60(b)" as a motion to set aside, correct, or vacate his sentence pursuant to 28 U.S.C. § 2255. It denied the motion, and Chaney appealed.[1] We affirm.
 
 
 2
 Chaney claims he has been punished in violation of the Double Jeopardy Clause because he was sentenced to imprisonment and he forfeited money and jewelry under 21 U.S.C. § 881(a)(6). Civil forfeiture proceedings under § 881, however, are "neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996).
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The government states that Chaney's notice of appeal "was filed eight days after the ten-day period for appealing from a final decision" but urges us to hear the appeal because of Chaney's pro se status. We note that we would be unable to ignore the untimeliness of a notice of appeal. See United States v. Marbley, 81 F.3d 51, 52 (7th Cir.1996); Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 135 (7th Cir.1996). Because a § 2255 motion is a civil proceeding against the United States government, however, Chaney had sixty days in which to appeal this adverse decision. See Fed.R.App.P. 4(a)(1)