116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen REED, Defendant-Appellant.
 No. 97-1007.
 United States Court of Appeals, Seventh Circuit.
 June 19, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 3:96CR0004AS; Allen Sharp, Judge.
 Before CUDAHY, COFFEY, and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 On December 13, 1996, Stephen Reed was sentenced following his conviction for making false statements in order to continue receiving Social Security disability benefits. Reed represented that he had not been employed during the last two years and had no income; evidence presented at trial permitted the trier of fact to conclude that Reed held several jobs and earned more than $20,000 per year. As part of the presentence investigation, Reed submitted tax returns showing no income, which led the judge to increase his sentence for obstruction of justice (and which suggests that Reed has committed the crime of tax evasion on top of welfare fraud).
 
 
 2
 Reed did not instruct his retained lawyer to appeal, although the judge told him in open court that he had the right to appeal. After discussing matters with his family over Christmas, Reed asked his lawyer to file an appeal. That step came too late, for the 10 days allowed by Fed.R.Crim.P. 4(b) had expired.
 
 
 3
 Counsel tendered a notice of appeal on December 30; the next day, he asked the district court to extend the time for appeal. The judge initially entered an order stating that, because weekends and holidays do not count toward the 10 days, the notice was timely and "the motion to extend the time for filing a Notice of Appeal is rendered moot." Later the judge realized that this is incorrect, see Fed.R.App.P. 26(a), and entered another order that reads in full: "Under Rule 4(b) of the Federal Rules of Appellate Procedure, it was the intent of this court to grant an extension of time for the filing of a notice of appeal to this defendant to December 31, 1996." The judge did not give any reason for this order, either orally or in writing.
 
 
 4
 "Excusable neglect" is a jurisdictional requisite for a belated criminal appeal. United States v. Marbley, 81 F.3d 51 (7th Cir.1996); United States v. Dumas, 94 F.3d 286 (7th Cir.1996). The district judge did not find that the lateness was caused by "excusable neglect", a phrase that covers delays attributable to "misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." Prizevoits v. Indiana Bell Telephone Co., 76 F.3d 132, 134 (7th Cir.1996). Instead, the judge appears to believe that he has some general equitable power to grant extensions of time. Judges have no such authority. Unlike Rule 4(a)(5), which applies to civil appeals, Rule 4(b) does not confer the power to extend the time for "good cause". Even in civil cases, that option is available only when the motion precedes the expiration of the time for appeal, which did not occur here. Reed had to establish "excusable neglect." Wanting a longer time to consult with one's family is deliberate, not neglectful. A failure to decide and act within the brief time for filing appeals does not justify additional time. If it did, the time limit would be illusory. Reed's appellate lawyer has not cited, and we do not know of, any case treating a litigant's desire to consult with family members as "excusable neglect." The English language would not bear such an interpretation.
 
 
 5
 The appeal is dismissed for want of jurisdiction.