**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marvin L. GUY, Defendant–Appellant.**

No. 97–3645.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 27, 1998.

Decided April 10, 1998.

Susan H, Dowd (submitted on briefs), Office of the United States Attorney, Indianapolis, IN, for Plaintiff-Appellee.

Steven J. Riggs, Indiana Federal Community Defenders, Inc., for Defendant-Appellant.

Before POSNER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

After we informed the lawyer for the appellant in this criminal appeal that he had filed the notice of appeal two days late, he moved the district court under Fed. R.App. P. 4(b) to extend the period for appealing on the basis of "excusable neglect," as the rule permits. His only excuse is that he relied on Fed.R.Crim.P. 45(a), which allows the exclusion of Saturdays, Sundays, and legal holidays in determining the time of filing when the deadline is 10 days or less; a criminal appeal must be filed within 10 days. (These are intermediate holidays or weekend days; if the deadline for filing falls on such a day, the deadline is extended regardless of the length of time allowed for filing.) But of

course Rule 45(a) of the criminal rules governs procedure in the district courts, not in the courts of appeals. The corresponding appellate rule is limited to cases in which the time for filing is less than 7 days, Fed.R. App. P. 26(a), and so is inapplicable here. Since the defendant's lawyer is an experienced federal criminal litigator, with an active federal criminal appellate practice of at least eight years of which six have been spent in federal defender offices, his error is not only inexcusable but inexplicable. Nevertheless the district judge ruled it excusable neglect and allowed the extension of time sought. He did not explain why he thought the lawyer's error excusable.

Excuse in the law is not justification, and the term "excusable neglect" is not limited to a justified failure to meet the short deadline for filing a federal criminal appeal but can include such pratfalls as a plausible misinterpretation of an ambiguous rule. *United States v. Marbley*, 81 F.3d 51, 52 (7th Cir. 1996); *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir.1996). In our recent decision in *United States v. Brown*, 133 F.3d 993, 996–97 (7th Cir.1998), we probed the outer boundaries of excuse. The lawyer there had made the identical mistake as the lawyer here, except that his basis for thinking that weekends and legal holidays tolled the filing period was Wisconsin law, rather than Fed.R.Crim.P. 45(a); he is a Wisconsin lawyer. Yet we held that the district court had not abused its discretion in extending the time for the appeal. There is, however, a critical difference between that case and this one. The lawyer in that case was an inexperienced federal litigator; in fact, Brown was his first federal client. Because he did not think to look beyond Rule 4 of the federal appellate rules, which prescribes the time for filing appeals, he had no reason to think federal practice different from Wisconsin practice with regard to the treatment of intermediate weekends and holidays. To discover the difference he would have had to read ahead to Rule 26(a). Of course he should have done that; but given his inexperience and good faith, and the absence of any harm to the government from his missing the deadline for filing an appeal by one day, we held that the district judge had not abused

his discretion in ruling that the failure was excusable neglect. The excuse of inexperience is not available to the lawyer in this case. As an experienced federal criminal appellate litigator, he must know how to compute the time for taking an appeal in a federal criminal case. If his neglect is excused, the word "excusable" is read out of Fed. R.App. P. 4(b). See *United States v. Marbley, supra*, 81 F.3d at 52; *Prizevoits v. Indiana Bell Tel. Co., supra*, 76 F.3d at 134; *United States v. Dumas*, 94 F.3d 286, 289 (7th Cir.1996).

Ordinarily when a district judge fails to explain a nonobvious exercise of his discretion, the proper remedy is to remand the case for him to do so. But the absence of excuse is so total in this case that it would be an abuse of discretion for the judge to extend the time for appeal. We hold that as a matter of law there was no excusable neglect, and the appeal must therefore be dismissed as untimely.

This result is unfortunate; and it points to the need for a revision of the rules. The problem is not ambiguity. Both rules—Rule 45(a) of the criminal rules and Rule 26(a) of the appellate rules—are perfectly clear. And there is no conflict between them, because their domains are different; one governs proceedings in the district court, the other proceedings on appeal. But because they treat intermediate days differently, they create a potential pitfall for the careless lawyer. The careless lawyer hurts his innocent client, and so there is a social interest in making rules of procedure as simple as possible, in recognition that there are careless lawyers just as there are careless persons in every activity. We cannot think of any reason why intermediate days should be treated differently in the criminal and appellate rules, and we therefore urge the relevant committees of the Judicial Conference to address and resolve the difference. The present appeal, however, must be

DISMISSED.