# In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 04-2421

RAYMOND RIVERA MARQUEZ,

*Plaintiff-Appellant,*

v.

NORMAN Y. MINETA,
Secretary of Transportation,

*Defendant-Appellee.*

————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 03 C 4970—**George W. Lindberg**, *Judge.*

————————

ARGUED AUGUST 2, 2005—DECIDED SEPTEMBER 12, 2005

————————

Before COFFEY, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Raymond Marquez, a 62-year-old man from Puerto Rico, was terminated because of poor performance after only seven months as an Aviation Safety Inspector for the Federal Aviation Administration. He sued the Department of Transportation ("DOT") for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 633a(c), and for race and national origin discrimination under Title VII, 42 U.S.C. § 2000e et seq. The district court granted the DOT's motion for summary judgment. Marquez filed a notice of appeal one day late, but successfully moved the district court to extend the time to appeal on grounds that he committed "excusable

neglect" by miscalculating the filing deadline. The district court, however, abused its discretion in granting an extension, and we therefore dismiss the appeal for lack of appellate jurisdiction.

Marquez was recruited and hired by Gerardo Martinez, a supervisor also of Puerto Rican heritage at the O'Hare Flight Standards District Office. Marquez's primary trainer was Donald Rigg, but after only two months of training he had become frustrated with Marquez's performance and asked that someone else evaluate him. Rigg testified in an affidavit that Marquez lacked both skill and integrity; was computer illiterate; could not follow written instructions or even fill out his time card; was disorganized; and could not retain information whatsoever. Rigg became so frustrated that he concluded he could never certify Marquez as a qualified inspector. Rigg's assessment was seconded by senior inspector Sam Latorre, who opined that Marquez's training would take two years beyond the normal time to train an inspector. Latorre added that Marquez was the weakest trainee he had seen in his 11 years as senior inspector, and that Marquez should never have been hired. Three other inspectors whom Martinez assigned to train Marquez all found him to be very slow at learning and retaining information.

Martinez discussed Marquez's poor job performance with him, and when Marquez responded with a poorly written letter, Martinez had Marquez enrolled in an "effective writing" course. In May and June 2001, Marquez attended training courses at the Aeronautical Center in Oklahoma City, and returned the following month for more courses. Marquez achieved barely passing scores, and Martinez learned later from course instructors and co-workers that Marquez had difficulty understanding instructions and embarrassed himself by asking off-topic questions. By September 2001 Martinez believed that Marquez had been

provided adequate time for evaluation, and terminated him. Marquez then filed this discrimination suit.

On April 2, 2004, the district court granted summary judgment for the DOT. For purposes of the indirect burden-shifting method, the court determined that Marquez could not show that he was satisfactorily performing his job; during his training period he failed to achieve final certification on any task and had difficulty retaining information and understanding computers. And even if Marquez could establish a prima facie case, the court added, he could not show that Martinez did not honestly believe he should be terminated for poor performance.

Marquez filed a notice of appeal on June 2, 2004, 61 days after the district court's entry of judgment—one day too late under FED. R. APP. P. 4(a)(1)(B). We suspended briefing and ordered Marquez to explain why his appeal should not be dismissed for lack of jurisdiction. Marquez then filed a motion with the district court, seeking a one-day extension of time to file his notice of appeal on grounds of excusable neglect—his own miscalculation of the filing deadline. The district court granted the extension without explanation. On July 2, 2004, we directed Marquez to explain why the appeal should not be dismissed for lack of jurisdiction, noting that his only reason for the tardiness was a "miscalculation of the time to appeal" and as such the district court "may have abused its discretion in granting the motion."

As a threshold matter, we must ascertain whether we have appellate jurisdiction over this appeal. Marquez argues that the district court properly exercised its discretion in extending the time to file a notice of appeal because the one-day delay caused no prejudice to the DOT.

Rule 4(a)(5)(A)(ii) of the Federal Rules of Appellate Procedure permits a district court to extend the time for filing a notice of appeal up to 30 days after the entry of judgment upon a showing of good cause or excusable

neglect. The standard for reviewing whether neglect was "excusable" is an "equitable" one, taking into consideration all relevant circumstances including "the danger of prejudice [to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998) (quoting *Pioneer Investment Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). But a "simple case of miscalculation" regarding deadlines is not a sufficient reason to extend time, *United States v. Alvarez-Martinez*, 286 F.3d 470, 473 (7th Cir. 2002), and judges do not have "carte blanche" authority to allow untimely appeals, *United States v. Marbley*, 81 F.3d 51, 52 (7th Cir. 1996).

The problem facing Marquez is that there is no basis in the record for us to conclude that the untimely filing was due to excusable neglect. Counsel conceded in his motion for an extension of time that "due to miscalculation of the date, plaintiff filed his Notice of Appeal with the clerk of the District Court one day late," but simple miscalculation is not excusable neglect. *See Alvarez-Martinez*, 286 F.3d at 473. Even if the one-day extension did not cause prejudice to the DOT, we doubt that "it can make a difference that no harm to the appellee has been shown"; given the short deadline under Rule 4, "[t]here is unlikely ever to be harm." *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996). Further, this is an employment discrimination case, not a bankruptcy or criminal case in which the district court has broad power to extend the filing deadline to avoid unjust results; in those cases the consequences of missing a deadline may include the loss of real property or personal liberty. *See Alvarez-Martinez*, 286 F.3d at 473. The district court here did not identify any excuse, and we see no ground in the record on which the district court could have granted the motion. This appeal must be dismissed based on the absence of appellate jurisdiction.

We hasten to add that even if we had jurisdiction over Marquez's appeal, his case is meritless. The district court correctly observed that Marquez's severely deficient work performance prevented him from establishing a prima facie case of discrimination.

DISMISSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*