**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 24, 2006
Decided February 23, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1417

LINDA J. PARKER,
    *Plaintiff-Appellant,*

    *v.*

JO ANNE B. BARNHART,
Commissioner of Social Security,
    *Defendant-Appellee.*

Appeal from the United States
District Court for the Western
District of Wisconsin

No. 04-C-281-S

John C. Shabaz,
*Judge.*

**ORDER**

Linda J. Parker appeals from the judgment of the district court affirming the decision of the Commissioner of Social Security to deny her claim for disability insurance benefits. Because Parker's notice of appeal to this court was not timely filed, we are compelled to dismiss her appeal for lack of jurisdiction.

Parker is a 50-year-old woman who claims she suffers from a variety of physical and mental impairments, including interstitial cystitis (IC), a bladder impairment. The common symptoms of IC are pelvic pain and a frequent and urgent need to urinate. Parker sought benefits in 2000, but her application was denied initially and upon reconsideration. She then proceeded to a hearing before

an administrative law judge. At the end of the hearing, the ALJ, applying the five-step analysis, 20 C.F.R. § 404.1520(a)(4), found that Parker was not engaged in substantial, gainful activity and that she suffered from severe IC. The ALJ also found that none of Parker's impairments met or equaled a listed impairment in Appendix 1, Subpart P, Regulation No. 4. And critical to her case, the ALJ concluded that Parker retained the residual functional capacity to perform her past work as a telephone order taker and, alternatively, could perform other jobs available in Wisconsin where she lives, including positions as an office worker or food preparation worker. Therefore, the ALJ ruled that Parker was not disabled and denied her claim for benefits. Because the Appeals Council denied Parker's request for review, the ALJ's decision became the final decision of the Commissioner of Social Security.

The district court entered judgment affirming the Commissioner's decision on December 15, 2004. Parker's notice of appeal was filed in this court on February 15, 2005. After we ordered Parker to explain why her appeal should not be dismissed for lack of jurisdiction, Parker filed a motion in the district court to extend the time to appeal. Parker's attorney claimed he misread the date stamp on the district court's judgment (he thought that the date of entry read "December 16" when in fact it read "December 15"). Consequently he thought the notice of appeal was due one day after a December 15 entry date would require. The district court granted this motion without explanation.

The government argues that the district court abused its discretion in granting Parker's motion to extend the time to appeal. Although a district court has discretion to extend the time to appeal up to 30 days after the entry of judgment, Fed. R. App. P. 4(a)(5)(A), this discretion is not unlimited. A district court may grant a motion to appeal late only on a showing of excusable neglect or good cause by the appellant. *Id.*; *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005); *United States v. Alvarez-Martinez*, 286 F.3d 470, 472 (7th Cir. 2002).

The government points out, correctly, that miscalculation of the time in which to appeal is not excusable neglect. *Marquez*, 424 F.3d at 541. However, Parker is not arguing that her attorney miscalculated the time to appeal. Rather, she is arguing that an unclear date stamp on the district court's judgment misled her and her attorney into thinking the deadline was one day later than it was. The issuance of this unclear date stamp might qualify as excusable neglect or good cause for a one-day extension. But any possible confusion from the date stamp does not explain Parker's filing on February 15.

Because the federal government is a party in this case, Parker had sixty days from the district court's entry of judgment to file her notice to appeal. Fed. R. App. P. 4(a)(1)(B). Sixty days after December 15 is February 13. However, since

February 13, 2005 was a Sunday, Parker had until Monday February 14, 2005 to file her notice of appeal. Fed. R. App. P. 26(a)(3). Even if she and her attorney reasonably believed the district court judgment was entered on December 16, this excuse only gets her to February 14. It does not explain why Parker filed the notice to appeal on February 15, one day beyond the date suggested by the alleged confusion over the date stamp.

Since Parker did not offer to the district court any excuse for filing her notice of appeal on February 15, and since the district court did not provide any other rationale for its decision, the court abused its discretion in granting Parker's motion. *Marquez*, 424 F.3d at 541 (district court abused its discretion in granting leave to file notice of appeal one day late when appellant lacked an adequate excuse for the late filing). Therefore, we must dismiss Parker's appeal as untimely filed.