In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 07-2104

JANET L. MCCARTY,

*Plaintiff-Appellant,*

*v.*

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 06 C 427—**Richard L. Young**, *Judge.*

_____

ARGUED APRIL 18, 2008—DECIDED JUNE 16, 2008

_____

Before BAUER, FLAUM and WILLIAMS, *Circuit Judges*.

BAUER, *Circuit Judge.* Janet McCarty was hit by a car in May of 2001 and has suffered from various physical and mental health problems ever since. She has been diagnosed with depression, post-traumatic stress disorder, and has received treatment for various physical ailments. After numerous visits to several health care providers, McCarty applied to receive disability insurance benefits and supplemental security income from the Social Security Administration in 2004. In her applica-

tions, McCarty claimed that she had been disabled since the car accident. The Social Security Agency denied her applications, and on July 13, 2005, an administrative law judge ("ALJ") held a hearing on McCarty's applications. The ALJ reviewed her medical records, heard McCarty's testimony, and determined that McCarty's conditions did not meet or equal the disabilities required for benefits, and that she was capable of doing light work, thus she was not eligible for disability benefits or supplemental security income. The ALJ denied McCarty's applications for benefits. The Appeals Council denied McCarty's Request For Review and so the ALJ's decision became the final decision of the Commissioner.

McCarty filed a complaint in the United States District Court for the Southern District of Indiana, which issued a final order dated March 9, 2007, affirming the ALJ's ruling, finding that there was substantial evidence in the record to support the ALJ's findings. Pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, McCarty had sixty days to file a notice of appeal.

Sixty-three days later, on May 11, 2007, McCarty filed a notice of appeal. On May 16, 2007, this Court asked McCarty to file a memorandum explaining why this case should not be dismissed for lack of jurisdiction and to explain the status of any motion for an extension filed with the district court.

On June 5, 2007, McCarty filed a motion with the district court requesting a three-day extension to file her notice of appeal and supportive memorandum (along with a suggested order). That memorandum explained that McCarty's attorney misunderstood paragraph eleven of the Administrative Policies and Procedures Manual for the Southern District of Indiana, which addressed

service of electronically filed documents, to mean that he had an additional three days to file a notice of appeal, as provided by Fed. R. Civ. P. 6(e).[1]   On June 8, 2007, the district court granted the extension by signing the suggested order submitted by McCarty.

On June 20, 2007, the Commissioner filed a Motion for Reconsideration and supporting memorandum with the district court. McCarty filed a memorandum in opposition to the Commissioner's motion, and on August 10, 2007, the district court denied the motion for reconsideration. This appeal ensued.

On appeal, McCarty argues that substantial evidence fails to support the ALJ's conclusions that she did not qualify for disability insurance benefits. In the response brief, the Commissioner asserts that the district court abused its discretion by granting McCarty's motion for an extension of time to file the notice of appeal, and that this Court therefore lacks jurisdiction.

We begin (and end) with our appellate jurisdiction. A timely notice of appeal is a prerequisite to appellate review. *Robinson v. City of Harvey*, 489 F.3d 864, 867 (7th Cir. 2007); *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005). When a party to a civil suit is the United States or

---

[1]   At the time of the events of this case, Fed. R. Civ. P. 6(e) stated:

**Additional Time After Certain Kinds of Service.** Whenever a party must or may act within a proscribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the proscribed period would otherwise expire under subdivision (a).

Fed. R. Civ. P. 6 was has since been amended, and this provision remains substantively identical but is now found at Rule 6(d).

its officer or agency, a notice of appeal must be filed within sixty days after the entry of the judgment or order being appealed. Fed. R. App. P. 4(a)(1)(B). A district court may extend the time to file a notice of appeal if a party can show excusable neglect for her tardiness. Fed. R. App. P. 4(a)(5)(A)(ii); *see Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996). A district court's determination that excusable neglect is established is reviewed for an abuse of discretion. *See Garwood Packaging, Inc. v. Allen & Co., Inc.*, 378 F.3d 698, 700 (7th Cir. 2004).

The standard for reviewing whether neglect was "excusable" is an equitable one, taking into consideration relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *Marquez*, 424 F.3d at 541. The term "excusable neglect" as used in Rule 4(a)(5) refers to the missing of a deadline as a result of things such as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules. *Prizevoits*, 76 F.3d at 134. Although the federal rules are complex, experienced federal litigators ought to be held strictly to them. *See, e.g.*, *United States v. Guy*, 140 F.3d 735, 735-36 (7th Cir. 1998) (finding inexcusable neglect where experienced federal litigator miscalculated the time to file a notice of appeal because he relied on rules governing procedure in the district court, not in the court of appeals); *Prizevoits*, 76 F.3d at 133-34 (finding inexcusable neglect where experienced federal litigator failed to properly interpret time limit for filing a notice of appeal where

plain language of the rule was unambiguous); *but see United States v. Brown*, 133 F.3d 993, 997 (finding excusable neglect where a Wisconsin attorney who practiced exclusively in state court miscalculated a filing deadline in his first federal case). A simple case of miscalculating a deadline is not a sufficient reason to extend time, and judges do not have "carte blanche" authority to allow untimely appeals. *Marquez*, 424 F.3d at 541.

McCarty asserts that the district court did not abuse its discretion in granting an extension of time for her to file a notice of appeal.[2] In its order denying the Commissioner's motion to reconsider the extension, the district court determined that the three-day delay did not prejudice the Commissioner or unnecessarily delay the judicial proceedings, and that dismissal of McCarty's appeal would be too harsh of a sanction for a relatively minor mistake.

We find that the district court abused its discretion in granting McCarty's motion for an extension of time to file a notice of appeal. While the district court was correct in considering the prejudicial effect of the delay, it was incorrect in determining that the absence of any harm meant that the attorney's mistake was excusable. This Court has repeatedly noted that there is unlikely ever

---

[2] Although the district court did not explain why it granted the extension when it signed McCarty's suggested order granting the extension, it sufficiently explained its reasoning for allowing the extension in its order denying the Commissioner's motion to reconsider the extension. *See Guy*, 140 F.3d at 736 (noting that "[o]rdinarily, when a district judge fails to explain a nonobvious exercise of his discretion, the proper remedy is to remand the case for him to do so").

to be harm in the Rule 4(a)(5) setting, because the neg-
lectful appellant has a limited time period to request
relief—in this case, sixty days—hence there will never
be a terribly long delay. *Marquez*, 424 F.3d at 541-42;
*Prizevoits*, 76 F.3d at 134. Thus, "[t]he word 'excusable'
would be read out of the rule if inexcusable neglect
were translated into excusable neglect by a mere absence
of harm." *Prizevoits*, 76 F.3d at 134. The district court was
also incorrect in characterizing the attorney's error as a
"relatively minor mistake"; a timely notice of appeal is a
mandatory prerequisite to appellate jurisdiction, and a
failure to timely file results in dismissal of the case.
*Marquez*, 424 F.3d at 542 (holding that the case must be
dismissed for lack of appellate jurisdiction where notice
of appeal was untimely). Depriving one's case of a prereq-
uisite for appellate review can hardly be considered
a "relatively minor mistake."

The attorney's understanding that Federal Rule of Civil
Procedure 6(e) provided him with three extra days to
file a notice of appeal is inexcusable. An unaccountable
lapse in basic legal knowledge is not excusable neglect. *See
Prizevoits*, 76 F.3d at 133. Rule 6(e) only enlarges the
filing time when the period for acting runs from the
service of a notice, not when the time for acting is desig-
nated from the entry of judgment. *See Johnson v. McBride*,
381 F.3d 587, 589 (7th Cir. 2004); *Kyle v. Campbell Soup Co.*,
28 F.3d 928, 930 (9th Cir. 1994). The distinction between
"entry of judgment" and "service of a notice" is unambigu-
ous to any trained lawyer such that the attorney's error
cannot be categorized as "a plausible misinterpretation
of an ambiguous rule." *See Guy*, 140 F.3d at 736. Even if
it was not clear that, based on the plain language of
Rule 6(e), the additional three days did not apply to the

filing of a notice of appeal, this Court has explicitly stated that "Fed. R. Civ. P. 6(e) applies only to documents 'served' on opposing counsel, not to documents such as complaints or notices of appeal that must be filed in court." *Johnson*, 381 F.3d at 589. It is clear that, pursuant to Rule 6(a)(1)(B), McCarty's deadline for filing a notice of appeal was May 8, 2007. That should have been clear to any federal litigator, and to read it the way McCarty's attorney has constitutes inexcusable neglect.

Like the attorney in *Guy*, McCarty's attorney is an experienced federal litigator, having thirty-nine years of experience and having argued before this Court at least a dozen times. McCarty's attorney's interpretation that the Administrative Policies and Procedures Manual for the Southern District of Indiana would dictate filings in this Court is also implausible. *See Guy*, 140 F.3d at 736 (holding that attorney's reliance on district court rules of procedure in filing an appeal constitutes inexcusable neglect). This mistake amounts to inexcusable neglect, and the district court abused its discretion in granting McCarty's motion for an extension of time to file a notice of appeal. We find the notice of appeal to be untimely; therefore we lack jurisdiction over McCarty's appeal.

We hasten to add that even if we had jurisdiction over McCarty's appeal, the district court properly found that the ALJ's decision was supported by substantial evidence.

McCarty's appeal is dismissed.