NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 13, 2011[*]

Decided June 17, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2859

| | |
|---|---|
| CHRISTOPHER LEE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:09-cr-03273 |
| TYLER PRICE and DOUGLAS YORKE, | |
| *Defendants-Appellees.* | George W. Lindberg, *Judge*. |

**O R D E R**

Christopher Lee, represented by counsel, sued two Illinois state troopers, claiming that they violated his constitutional rights during a routine traffic stop by questioning him for too long and conducting an unreasonable search. *See* 42 U.S.C. § 1983. The troopers moved to dismiss on the grounds that their questions did not prolong the stop

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

unreasonably and that the search was consensual. The district court agreed and dismissed Lee's suit.

That order was entered on April 7, 2010, and Lee had until May 7, 2010, to file a notice of appeal. *See* FED. R. APP. P. 4(a)(1)(A). Instead, on May 7 he filed a pro se motion under Federal Rule of Civil Procedure 60(b) asking the district court to "rehear" the case "in its entirety." He also requested leave to amend his complaint. Four days later, on May 11, the court struck Lee's motion because he was still represented by appointed counsel. The court did not realize, however, that counsel had moved to withdraw the day before, in part because Lee intended to file his pro se motion. Then on June 7, with appointed counsel now out of the picture, Lee refiled his Rule 60(b) motion, along with a motion requesting an extension of time to file a notice of appeal from the April 7 dismissal. The district court promptly denied the Rule 60(b) motion but on July 28 extended the deadline for Lee to file a notice of appeal. The court attributed Lee's failure to meet the appeal deadline to a disagreement with former counsel about what action, if any, to take after receiving the April 7 decision. The judge reasoned that the disagreement constituted good cause for Lee's delay and also allowed counsel's inaction to be characterized as excusable neglect. *See* FED. R. APP. P. 4(a)(5)(A)(ii).

Lee then filed a notice of appeal from the April 7 order, and in this court he contends that the district judge erred in dismissing his lawsuit. His argument, though, is premised not on the allegations in the complaint that was dismissed, but on new and contradictory facts alleged in the proposed amended complaint he tendered with his Rule 60(b) motion. One difference, for example, is that Lee alleges in his proposed complaint that he consented to the search only after it was over. Lee assumes that he can rely on this proposed complaint and that we can review it. But his only notice of appeal is from the April 7 decision and does not bring up for review the order denying the Rule 60(b) motion; a second notice of appeal would have been necessary to challenge that decision. *Sosebee v. Astrue*, 494 F.3d 583, 590 (7th Cir. 2007); *Goffman v. Gross*, 59 F.3d 668, 672-73 (7th Cir. 1995).

Even if we could review the Rule 60(b) decision, we would not conclude that the district court abused its discretion in refusing to accept Lee's proposed complaint. Rule 60(b) is an extraordinary remedy, not a vehicle for amending a complaint. *See* FED. R. CIV. P. 60(b); *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 876-77, 879-80 (7th Cir. 1996). Moreover, amendment would have been futile because Lee could not draft a complaint capable of withstanding scrutiny under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974-75 (7th Cir. 2001). In his proposed complaint, he acknowledges that he was pulled over for speeding in May 2007. There is no question that the stop itself was justified by probable cause. *See Arkansas v. Sullivan*, 532 U.S. 769, 771 (2001); *Whren v. United States*, 517

U.S. 806, 809-10 (1996); *United States v. Willis*, 61 F.3d 526, 530 (7th Cir. 1995). Trooper Tyler Price, a defendant in this litigation, asked for Lee's license and proof of insurance. Lee handed over his Texas driver's license, a rental-car agreement as proof of insurance, and—by accident, he says—his Texas license to carry a concealed handgun. When Price returned to his squad car to check Lee's criminal history, he was told that the rental agreement had expired two days earlier. It's a crime in Illinois to drive without insurance. 625 ILCS 5/3-707(b). Price told Lee that the rental agreement had expired, but Lee insisted it was good until the next day. Price went back to his car and tried calling the rental company for verification, but its offices were closed. He then approached Lee and asked if he had any weapons. Lee pointed to a green bag in the rear seat and said it contained two unloaded guns and that he had bullets in the "far back." Price directed Lee to exit the car and patted him down. Meanwhile, Trooper Douglas Yorke, the other defendant in this litigation, arrived with a third officer. They searched Lee's car, looked inside the green bag, and found two unloaded handguns and ammunition. Lee was arrested for unauthorized use of a weapon and ticketed for speeding.

This account, as described by Lee, does not even hint at police misconduct. As soon as Trooper Price made contact with Lee, he was handed an out-of-state license to carry a concealed firearm. Price would have been remiss in *not* asking Lee if he had guns in the car, *see People v. Ross*, 682 N.E.2d 87, 90 (Ill. App. Ct. 1997) (explaining that police officer who was handed gun permit by motorist during routine traffic stop could reasonably assume that motorist was armed and ask about guns), though the inquiry would have been innocuous during a stop for speeding even without any suspicion, *United States v. McBride*, 635 F.3d 879, 882 (7th Cir. 2011); *United States v. Childs*, 277 F.3d 947, 954 (7th Cir. 2002) (en banc). And in May 2007 when Lee—who was not in Texas anymore—pointed out that he was transporting guns in a bag accessible in the passenger compartment, a reasonable police officer enforcing Illinois law would have concluded there was probable cause to arrest him for unlawful use of a weapon and to search the car for evidence. In Illinois it is, and was then, a crime to have access in a car to a gun that is operable unless the weapon is unloaded and in a case or other container. 720 ILCS 5/24-1(a)(4). No exception is made in § 5/24-1 for travelers who are licensed by their home state to have a firearm at hand. *See* 720 ILCS 5/24-2; *see also* 18 U.S.C. § 926A (authorizing transportation of firearm across state lines in vehicle only if gun is unloaded and inaccessible from passenger compartment). At the time the defendants encountered Lee, the Illinois courts had been interpreting § 5/24-1 to mean that a firearm accessible to the occupants of a car had to be fully enclosed in a storage box or other receptacle intended to house a gun, or else the possession was unlawful. *See People v. Williams*, 858 N.E.2d 606, 610-11 (Ill. App. Ct. 2006); *People v. Smythe*, 817 N.E.2d 1100, 1103-04 (Ill. App. Ct. 2004); *People v. Cameron*, 784 N.E.2d 438, 441 (Ill. App. Ct. 2003).

It is true that long after Lee's arrest the Supreme Court of Illinois held that a motorist can avoid criminal liability by securing unloaded guns in "any portable or nonportable receptacle," whether or not designed to hold firearms. *People v. Diggins*, 919 N.E.2d 327, 333 (Ill. 2009); *see People v. Holmes*, No. 109130, 2011 WL 1314672, at *5 (Ill. Apr. 7, 2011). Lee assumes that this contemporary understanding of the statute vindicates his use of the green bag to transport his guns, but whether or not he is correct, the state supreme court's later clarification of § 5/24-1 does not upset the reasonableness of the defendants' belief that probable cause existed. Probable cause turns on what a reasonable officer would have believed at the time, and a prudent officer need not anticipate subsequent legal developments. *See Michigan v. DeFillippo*, 443 U.S. 31, 37-38 (1979); *United States v. Osborn*, 120 F.3d 59, 63 (7th Cir. 1997). For Lee, this means that amending his complaint would have been futile because the facts he alleges, even if they do not point conclusively to the presence of probable cause, at the very least establish that the defendants would have qualified immunity in this § 1983 suit. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009); *Flenner v. Sheahan*, 107 F.3d 459, 461-62 (7th Cir. 1997).

As to the appeal actually before us, we cannot avoid the issue whether the district court abused its discretion in granting Lee more time to appeal. *See Bowles v. Russell*, 551 U.S. 205, 212-14 (2007); *Dexia Credit Local v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010); *Garwood Packaging, Inc. v. Allen & Co., Inc.*, 378 F.3d 698, 700 (7th Cir. 2004). A district judge may extend the deadline for filing a notice of appeal upon finding excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A)(ii); *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005). Here the court reasoned that Lee had good cause for missing the deadline because his disagreement with former counsel had thwarted a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e), which in turn would have tolled the time for appealing the underlying judgment. FED. R. APP. P. 4(a)(4)(A)(iv); *York Grp., Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). But we cannot see how Lee's debate with counsel about postjudgment strategy can be viewed as cause, let alone *good* cause, for ignoring the appeal deadline. By May 7, 2010, which was the deadline for filing a timely appeal, Lee had ended his discussions with counsel and taken matters into his own hands. He could have filed a notice of appeal but instead filed a motion under Rule 60(b). As he would later concede in his motion for an extension of time, Lee's choice of the Rule 60(b) motion over a notice of appeal was strategic, so he was able to distinguish between his options. He might well have believed that the postjudgment motion would toll the time for appealing the underlying dismissal, but a Rule 60(b) motion filed more than 28 days after entry of the judgment does not affect the deadline for filing an appeal, FED. R. APP. P. 4(a)(4)(A)(vi), and a misunderstanding about the effect of a postjudgment motion is not good cause for missing the deadline to appeal the underlying judgment, *see Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006); *Amatangelo v. Borough of Donora*, 212 F.3d 776,

779 (3d Cir. 2000). Nor can Lee ask us to construe his Rule 60(b) motion as a notice of appeal. Even reading the motion liberally, nothing in it suggests that an appeal is what Lee wanted. *See Smith v. Barry*, 502 U.S. 244, 248 (1992)*; Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

The district court also said that Lee deserved more time because, according to the court, the failure of appointed counsel to file a notice of appeal constituted excusable neglect. The court explained that "professional considerations" had prevented counsel from filing a notice of appeal. But a lawyer's deliberate and purposeful decision not to pursue an appeal is not neglect at all. *Gann v. Smith*, 443 F.2d 352, 353 (5th Cir. 1971). Indeed, the Supreme Court has recognized that neglect in the Rule 60(b) context carries with it the idea of negligence, not intentional action or inaction. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393-94 (1993); *Ackermann v. United States*, 340 U.S. 193, 198 (1950) (stating that "free, calculated, deliberate choices" do not justify relief under Rule 60(b)); *see Eskridge v. Cook County*, 577 F.3d 806, 810 (7th Cir. 2009) (explaining that deliberate choice to litigate in state rather than federal court was not "neglect" under Rule 60(b)).

Ultimately whether the court abused its discretion doesn't matter. In his brief, Lee raises no argument challenging the April 7 dismissal of his complaint, so he has waived the only possible issue we have jurisdiction to review. *See* FED. R. APP. P. 28(a)(9)(A); *Wallace v. McGlothan*, 606 F.3d 410, 421 n.6 (7th Cir. 2010). Although we give Lee some lattitude because he is proceeding pro se, he still must comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Failure to satisfy Rule 28 warrants dismissal of the appeal. *See Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001).

**DISMISSED**.