NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 21, 2011[*]
Decided September 28, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-1906

| | |
|---|---|
| LEE RAVEN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-cv-503-slc |
| MADISON AREA TECHNICAL COLLEGE and GAIL F. BAILEY, *Defendants-Appellees.* | Stephen L. Crocker, *Magistrate Judge.* |

**O R D E R**

After Madison Area Technical College expelled Lee Raven, she sued the College and Gail Bailey, a professor who had complained about her disruptive behavior, alleging that they violated her rights under the Equal Protection Clause and Title VI of the Civil Rights Act of 1964. Presiding by consent, the magistrate judge granted summary judgment to the

---

[*]After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

College. Raven filed an untimely appeal, but the magistrate judge granted her motion to extend the time for filing her notice of appeal. Because Raven furnished no reason for needing additional time, the magistrate judge abused his discretion in extending the filing period, and we therefore dismiss Raven's appeal as untimely.

In her suit, Raven claimed that the College violated her civil rights when it expelled her on account of her race; the College countered that Raven's behavioral problems necessitated her expulsion. After the magistrate judge granted the College's motion for summary judgment, Raven moved for reconsideration, which the magistrate judge denied on March 16, 2011. In the post-judgment ruling, the magistrate judge advised Raven that she had 30 days from that judgment to appeal, extending until Friday, April 15, 2011, her time to file her notice of appeal. *See* FED. R. APP. P. 4(a)(1)(A). She filed her notice of appeal, however, three days late, on Monday, April 18, 2011.

Shortly after she appealed, we ordered Raven to explain why her appeal should not be dismissed as untimely. We also invited her to ask the district court, under FED. R. APP. P. 4(a)(5), for more time to file her notice of appeal. Raven attempted to do both. Her request to the district court for more time consisted of two sentences:

> Raven received notice today that she has been granted leave to proceed in forma pauperis on appeal, however, Raven also received notice from the Court of Appeals that her notice to appeal filed as of 4/18/11 is considered three days late. Therefore Raven motions the Court to extend the time allowed for her to have filed her notice of appeal.

In her similarly terse jurisdictional memorandum to us, Raven argued that her "appeal should not be dismissed for lack of jurisdiction, simply because the dated [sic] 'filed' is a matter of how long before the clerk of the courts enters the 'filed' date once received, which was only a day or two in this particular case."

Even though her district-court motion contained no explanation for her delayed filing, the magistrate judge evidently considered her statement to us, in which she attributed the delay to the clerk's office. He observed that "blaming" the clerk's office "stretches the definitions of good cause and excusable neglect to their breaking points." Citing a reason Raven had not herself advanced, he decided to "cut [Raven] some slack because she is pro se and doesn't comprehend how seriously federal courts take their deadlines" and granted the motion. He also speculated that the "mailing delays" may have contributed to the late filing, even though Raven had not argued that either.

We reviewed Raven's jurisdictional memorandum as well, along with College's response, which contended that without Raven having furnished the magistrate a reason for her delay, he abused his discretion in extending the time to appeal. We then ordered the parties to address in their merits briefs "whether the district court abused its discretion in granting [Raven's] motion to extend the time to appeal" because a timely notice of appeal in a civil case is a prerequisite for our jurisdiction. *Bowles v. Russell*, 551 U.S. 205 (2007); *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). We would review whether the magistrate judge abused his discretion in granting the extension, even if the College had not challenged it on appeal, because doubt over our jurisdiction is apparent from the lateness of the appeal. *See Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134–35 (7th Cir. 1996).

Although Raven had until April 15 to file her notice of appeal, the district court was empowered to extend that time period if, but only if, she showed that excusable neglect explained the untimeliness. *See* FED. R. CIV. P. 4(a)(5); *Prizevoits*, 76 F.3d at 133. In *Prizevoits*, we applied to Rule 4(a)(5) the Supreme Court's general definition of excusable neglect from *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). *Pioneer* requires an equitable balance of factors including the movant's good faith, reasons for delay and ability to control it, and the delay's impact on the proceedings and the non-movant. But we added that in the context of Rule 4(a)(5), errors in calculating the time to appeal are "egregious" and prejudice to the appellee need not be shown. 76 F.3d at 134. Thus, we have reversed as an abuse of discretion appeal-deadline extensions necessitated by miscalculations of the deadlines, reasoning that "judges do not have 'carte blanche' authority to allow untimely appeals." *Marquez v. Mineta,* 424 F.3d 539, 541 (7th Cir. 2005) (reversing district court's grant of one-day extension when attorney miscalculated deadline); *see also McCarty,* 528 F.3d at 545 (reversing district court's grant of three-day extension when attorney mistakenly believed that Federal Rule of Appellate Procedure 6(e) added three days to the period for filing a notice of appeal); *Prizevoits*, 76 F.3d at 133; *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000).

In this case, Raven gave the district court *no* reason for her late filing, let alone an excusable, substantiated one. Without any proffered reason for more time, the court should have given her none. *United States v. Guy*, 140 F.3d 735, 736 (7th Cir. 1998) (concluding that district court abuses its discretion in extending time to file criminal appeal when "absence of excuse is . . . total"); *United States v. Marbley*, 81 F.3d 51, 52 (7th Cir. 1996) (reversing district court's grant of 30-day extension in criminal appeal when attorney offered no explanation for failure to file a timely appeal). Although in her jurisdictional memorandum to us Raven attempted to blame the clerk for delaying the filing of her appeal, the magistrate judge properly discounted this conjecture as "stretch[ing] the definitions of good cause and excusable neglect to their breaking points."

Raven did not invoke in the district court either of the two reasons that the magistrate judge cited for giving her more time—cutting pro se litigants "slack" about strict deadlines and possible mailing delays. His reliance on these reasons was an abuse of discretion. Although we liberally construe pro se filings, *Smith v. Grams*, 565 F.3d 1037, 1041 (7th Cir. 2009), we do not enlarge filing deadlines for them. *See Geboy v. Brigano*, 489 F.3d 752, 766 (6th Cir. 2007) (reiterating that the lenient treatment given to pro se complaints does not extend to court-imposed filing deadlines); *Williams v. Wash. Convention Center Auth.*, 481 F.3d 856, 857 (D.C. Cir. 2007) (dismissing pro se appeal for failure to file a timely notice of appeal, while noting "a misreading of the federal rules of appellate procedure by the district court can ensnare even a pro se appellant who follows the district court's instructions diligently if the result is an untimely notice of appeal"); *Cordle v. Guarino*, 428 F.3d 46, 49 (1st Cir. 2005) (noting that ignorance of filing deadlines does not excuse untimely filing even by pro se prisoners). Likewise, even assuming delayed mail might excuse a late filing, and Raven speculates to us about this possibility, she neither raised nor attested to this excuse before the magistrate judge, so he should not have relied on it. *See Marquez*, 424 F.3d at 542 (noting that there was "no ground in the record on which the district court could have granted the motion [to extend time to file notice of appeal"); *Gibbons v. United States*, 317 F.3d 852, 854–55 (8th Cir. 2003) (concluding that counsel's illness did not constitute excusable neglect when "no specific information as to the nature of her illness, treatment, and/or rehabilitation" was provided); *Marbley*, 81 F.3d at 52 (explaining that when counsel "fails to offer any excuse but merely recites that he has an excuse, the judge cannot determine whether the late filing was the result of excusable neglect and [the appellate court] cannot determine whether the judge's finding of excusable neglect has a rational basis"). Because Raven did not offer *any* excuse for her tardiness in the district court, the magistrate judge abused his discretion in granting her motion.

DISMISSED.