**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 13, 2016[*]
Decided May 13, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3002

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 15-CV-100-JPS |
| | |
| RICHARD J. CLARK, | J.P. Stadtmueller, |
| *Defendant-Appellant*. | *Judge*. |

### O R D E R

The government sued Richard Clark in federal court seeking to collect more than $180,000 in unpaid income taxes and penalties. *See* 26 U.S.C. §§ 7401, 7403; 28 U.S.C. §§ 1340, 1345. The district court entered summary judgment for the government, and Clark now asks us to overturn that decision. We conclude, however, that Clark's notice of appeal was untimely, and we thus dismiss the appeal for lack of jurisdiction.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In the district court Clark filed several motions arguing that the government's suit should be dismissed on the grounds that the federal income tax is unconstitutional and that district courts lack jurisdiction to enforce tax laws. The district court denied these motions and warned Clark that he could be sanctioned if he continued to advance frivolous "tax protester" arguments that have been rejected repeatedly. Undeterred, Clark petitioned for leave to file an interlocutory appeal. *See* 28 U.S.C. § 1292. Meanwhile, the government moved for summary judgment, and, rather than dispute the existence or amount of his tax liabilities, Clark responded with more of the same frivolous contentions. The judge granted the government's motion on July 13, 2015, and final judgment was entered that day. The next day we denied Clark's petition for leave to file an interlocutory appeal. *See In re Clark*, No. 15-8014 (7th Cir. July 14, 2015).

Clark's deadline to file a notice of appeal was Friday, September 11 (60 days after entry of final judgment), *see* FED. R. APP. P. 4(a)(1)(B)(i), but he waited until Monday, September 14. Because that was too late, we directed Clark to show cause why this appeal should not be dismissed for lack of jurisdiction. Clark instead asked the district court to extend the deadline for filing a notice of appeal. *See* FED. R. APP. P. 4(a)(5)(A). Car trouble had kept him from reaching the courthouse on September 11, Clark explained, and he hadn't acted sooner because until then he couldn't afford to pay the appellate fees.

The district court denied Clark's motion with the explanation that he had not demonstrated good cause or excusable neglect for his late filing. *See* FED. R. APP. P. 4(a)(5)(A)(ii). The court assumed that Clark had acted in good faith and acknowledged that the three-day delay in filing had been "extremely short" and unlikely to have caused more than "minimal" prejudice to the government. But even so, the court reasoned, Clark had not explained why he could not get to the courthouse some other way or why—if he indeed lacked funds to pay the required fees—he did not seek leave to proceed in forma pauperis before the filing deadline.

The district court's adverse ruling is our starting point, since we lack jurisdiction unless the district court abused its discretion in denying Clark's motion for an extension of time to file his notice of appeal. *See Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 706–07 (7th Cir. 2014); *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). In his appellate submissions Clark for the first time explains his contention that it would not have been possible for him to get to the courthouse by other means after his car had broken down. He says, for example, that he did not have friends or family members available to give him a ride and that it would have been too expensive to take

a taxi from his rural home into Milwaukee. (The government incorrectly asserts that we cannot even review the ruling on Clark's motion for an extension of time because he did not file a *second* notice of appeal after that motion was denied. *See United States v. Kimberlin*, 898 F.2d 1262, 1264 (7th Cir. 1990) (explaining that a litigant need not file a second notice of appeal only to argue the soundness of a first notice)).

Clark never offered this explanation to the district court, so it is not properly before us. *See Wisconsin Right to Life, Inc. v. Barland*, 751 F.3d 804, 843 (7th Cir. 2014) (recognizing that "[t]he appellate stage of the litigation process is not the place to introduce new evidentiary materials"); *Berwick Grain Co. v. Ill. Dep't of Agric.*, 116 F.3d 231, 234 (7th Cir. 1997) (same). Regardless, as the district court observed, Clark had no excuse for waiting until the eleventh hour to file a notice of appeal; if he truly lacked the funds, he could have applied to proceed in forma pauperis. Because the district court acted within its discretion in denying Clark's motion for an extension of time, his notice of appeal is untimely and we must dismiss this case for lack of jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (recognizing that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement"); *Satkar Hospitality*, 767 F.3d at 706 (same).

A final matter remains. The government has moved under Federal Rule of Appellate Procedure 38 for an award of sanctions in the amount of $4,000—the presumptive sanction for filing a frivolous appeal in a tax case. *See Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006). (We note that our lack of appellate jurisdiction does not preclude us from imposing sanctions under Rule 38. *See Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 972–73 (7th Cir. 1988); *Holloway v. United States*, 789 F.2d 1372, 1374 (9th Cir. 1986)). Clark's principal argument—that the federal income tax is unconstitutional—has been rejected countless times during the last century. *See, e.g., Brushaber v. Union Pac. R.R. Co.*, 240 U.S. 1, 17–18, 24 (1916); *United States v. Benson*, 561 F.3d 718, 723 (7th Cir. 2009); *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999); *Coleman v. C.I.R.*, 791 F.2d 68, 70 (7th Cir. 1986). Clark was aware of these precedents because the district court advised him of their existence in denying his various motions, and we did the same in denying his request for leave to file an interlocutory appeal. Thus the standard sanction is warranted.

Clark's appeal is **DISMISSED** for lack of jurisdiction, and the government's motion for sanctions is **GRANTED**. Within fourteen days of the date of this order, Clark must tender a check to the clerk of this court for the full amount of the $4,000 sanction. If Clark fails to pay the sanction by the due date, we will enter an order directing the clerks of all federal courts in this circuit to return unfiled any papers

submitted either directly or indirectly by or on behalf of Clark unless and until he pays the sanction in full. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995).