677 F.2d 64
 Shirley ROTHENBERG, Plaintiff-Appellee,
v.
SECURITY MANAGEMENT CO., INC., Defendant,
Invesco International, Inc., Defendant-Appellant.
Shirley ROTHENBERG, Plaintiff-Appellee,
v.
SECURITY MANAGEMENT CO., INC., Invesco International, Inc.,
Bruce R. Davis, Sandra Davis, Daniel Burke, Louis Brenner,
George S. Stern, Sidney I. Rose, Ralph Becker, Ronald I.
Levin and Saul Becker, Defendants-Appellants.
 Nos. 81-7489, 81-7534
 United States Court of Appeals,
Eleventh Circuit.
 May 24, 1982.
 
 Smith, Shaw, Maddox, Davidson & Graham, Oscar M. Smith, John M. Graham, III, Rome, Ga., for Invesco Intern.
 Robert J. Hipple, Atlanta, Ga., for Shirley Rothenberg.
 Cotton, Katz & White, J. Michael Lamberth, Atlanta, Ga., for Security Management Co., Bruce R. Davis, Sandra Davis, Daniel Burke and Louis Brenner.
 
 
 1
 Slutzky, Wolfe & Bailey, Danny Bailey, Atlanta, Ga., for RHF Trust through Louis Brenner, Carl Davis and Martha Davis.
 
 
 2
 Daniel MacIntyre, Atlanta, Ga., for movants Michael and Carol A. Pisano.
 
 
 3
 Lefkoff, Pike & Fox, Joseph Lefkoff, George Fox, Atlanta, Ga., for Saul Becker and Ralph Becker.
 
 
 4
 Appeals from the United States District Court for the Northern District of Georgia.
 
 
 5
 Before RONEY, KRAVITCH and CLARK, Circuit Judges.
 
 CLARK, Circuit Judge:
 
 6
 The only issue presented in the instant appeal is whether the court below had jurisdiction to entertain a motion for an award of attorney's fees which was filed after a notice of appeal had been filed, but prior to expiration of the local time period for filing a bill of costs. The district court ruled that it did not have jurisdiction; we reverse its judgment.
 
 
 7
 It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed. Baum v. United States, 432 F.2d 85 (5th Cir. 1970); United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963). We have the guidance, which the district court did not, of the recent Supreme Court case of White v. New Hampshire Department of Employment Security, --- U.S. ----, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). There, the Supreme Court held that a request for attorney's fees under 42 U.S.C. § 1988 is not a motion to amend the judgment and therefore Federal Rule of Civil Procedure 59(e) is not applicable when such fees are requested. Knighton v. Watkins, 616 F.2d 795 (5th Cir. 1980), held that a request for attorney's fees under 42 U.S.C. § 1988 is treated as a motion for costs under Federal Rule of Civil Procedure 54(d).[1]
 
 
 8
 Following from the above, we hold that the request for attorney's fees in the instant case was a motion for costs which the district court had jurisdiction over despite the filing of the notice of appeal. The statute under which attorney's fees are sought, Ga.Code § 22-615(e), is similar in language to 42 U.S.C. § 1988. Thus, we find no basis to distinguish the instant situation from those cases arising under 42 U.S.C. § 1988. Therefore, we reverse the district court and remand for further proceedings not inconsistent with this opinion.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 [1]
 The Eleventh Circuit, in the en banc decision of Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981