[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14960
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 20, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00888-CV-ORL-22-DAB

DEBORAH GRAYDEN,
CHARLES JACKSON, et al.,

                                        Plaintiffs-Appellants,

                    versus

THE CITY OF ORLANDO,
CODE ENFORCEMENT BOARD FOR
THE CITY OF ORLANDO FLORIDA,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 20, 2006)**


Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellants appeal the district court's denial of their motion for attorneys' fees and litigation expenses for time spent litigating their first attorneys' fees motion. The district court denied the motion, agreeing with the magistrate judge's report and recommendation that the Appellants' subsequent fee request was untimely. We affirm the district court.

The order currently on appeal is the result of the denial of Appellants' second motion for attorneys' fees. In their first motion for attorneys' fees and litigation expenses, filed under 42 U.S.C. § 1988 after the entry of judgment in their 42 U.S.C. § 1983 action, Appellants reserved their right to seek additional fees for litigating the fee motion. Appellants never supplemented this motion with the hours spent working on the litigation of fees, in accordance with the local custom in the Middle District of Florida. In the report and recommendation on this first motion, the magistrate judge noted the motion sought additional fees for litigating the fee issue, but that amount was "unspecified." The report and recommendation recommended an award of attorneys' fees and litigation expenses for the litigation as a whole, which did not include an award for any post-judgment advocacy. Additionally, the report and recommendation did not reserve jurisdiction to consider additional petitions for fees. Appellants filed objections to the report and recommendation, but did not object to the omission of jurisdiction

2

to consider a future petition for attorneys' fees relating to litigating the fee issue. The district court adopted the magistrate judge's recommendation and did not reserve jurisdiction to consider further fee petitions.  Only after the judgment on the first motion did the Appellants file this second motion for fees for litigating their first motion for fees.

"This court reviews an award of attorney's fees for abuse of discretion; nevertheless, that standard of review still allows us to closely scrutinize questions of law decided by the district court in reaching a fee award." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1304 (11th Cir. 2001) (quotations and citation omitted).  District courts are "free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." *Id.* at 1309 (quotations and citations omitted).  However, a local rule cannot eviscerate a statutory right. *Id.* at 1309-10.  Local Rule 4.18(a) of the Middle District of Florida provides "[i]n accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees . . . shall be asserted by separate motion or petition filed not later than fourteen (14) days after the entry of judgment."  In *Villano*, we held a magistrate judge erred in the interpretation of a local rule, when the magistrate judge disallowed supplementation of the original attorneys' fees motion with amounts spent litigating the fee issue because the supplemental filings were past the Southern

3

District of Florida's time limit for filing an attorneys' fees motion. *Villano*, 254 F.3d at 1309-10. "[P]ost-judgment advocacy may generally be included in a § 1988 award." *Id.* at 1309.

This situation is different than the one in *Villano*, where the magistrate judge disallowed supplementation of the original motion. Here, the Appellants never attempted to supplement the original motion even though they reserved their right to request additional fees in the original motion and had ample time to supplement the motion. While Appellants' second motion was filed within 14 days of the first judgment on attorneys' fees, the district court did not abuse its discretion in finding this second motion was untimely. The magistrate judge points out that the usual practice for counsel seeking an award of fees related to a fee petition is to include a reasonable estimate of the time and effort expected. It was not an abuse of discretion to expect Appellants to follow this practice, especially in light of the fact Appellants reserved their right to request additional fees in the first motion, and in light of the fact the magistrate judge essentially reminded them to "specify" the amount of fees in the first report and recommendation. The procedure employed by Appellants could, as the magistrate judge noted, "lead to a never ending succession of fee requests." We conclude the

4

district court did not abuse its discretion in finding the second motion was untimely.

AFFIRMED.