[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12228
Non-Argument Calendar

_____

D. C. Docket No. 05-01325-CV-T-EAJ

CHRISTOPHER A. BRIGGS,

Plaintiff-Appellant,

versus

KATHRYN A. BRIGGS,

Defendant-Appellee,

DANIEL J. LEE,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 19, 2007)**

Before ANDERSON, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Christopher Briggs ("Christopher") appeals the district court's order denying his motion for sanctions under 28 U.S.C. § 1927 against defense attorney, William Jung, in his pro se civil case against his sister, Kathryn Briggs ("Kathryn"). Jung[1] argues that the district court[2] did not have jurisdiction to decide the issue because the underlying case had been on appeal for months. Christopher argues that the district court abused its discretion by denying sanctions.

## I.

We review questions of the district court's subject matter jurisdiction de novo. Community State Bank v. Strong, 485 F.3d 597, 604 (11th Cir. 2007).

When a party appeals a decision of the district court, jurisdiction over the aspects of the case involved in the appeal transfers to the appellate court. Green Leaf Nursery v. E.I. DuPont De Nemours and Co., 341 F.3d 1292, 1309 (11th Cir. 2003). However, the district court may retain jurisdiction to consider motions that are collateral to the matters on appeal. Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). For example, we have held that the district court may entertain a

---

[1] Although Kathryn was the defendant, the motion for sanctions was directed towards Jung, rather than Kathryn. Accordingly, we attribute the responses to Jung.

[2] The parties consented to all proceedings being conducted by a magistrate judge, pursuant to 28 U.S.C. § 636(c). For ease of reference, we refer to the magistrate as the "district court" unless the context requires otherwise.

motion for attorney's fees after a notice of appeal has been filed in the underlying case. Rothenberg v. Security Management Co., Inc., 677 F.2d 64, 65 (11th Cir. 1982).

Because the issue of whether Jung was subject to sanctions was not before us in the appeal, we conclude that it was collateral to the issues on appeal. Therefore, the district court had jurisdiction to consider the issue.

II.

We review a district court's order regarding sanctions under 28 U.S.C. § 1927 for abuse of discretion. Amlong & Amlong, P.A. v. Denny's Inc., 457 F.3d 1180, 1188 (11th Cir. 2006). Under the abuse-of-discretion standard, we must affirm unless the district court made a clear error of judgment or applied the wrong standard. Id.

Under 28 U.S.C. § 1927, the court may require an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" to pay any excess costs, expenses, or attorney's fees caused by the attorney's conduct. 28 U.S.C. § 1927. We have noted that § 1927 involves three essential requirements: (1) the attorney must engage in "unreasonable and vexatious" conduct, (2) the conduct must "multipl[y] the proceedings," and (3) the amount of the sanction must directly relate to the excess proceedings. Amlong, 457 F.3d at 1190. An

attorney's conduct "multiplies proceedings" when "it results in proceedings that would not have been conducted otherwise." Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997). We have held that an attorney only "unreasonably and vexatiously" multiplies proceedings "when the attorney's conduct is so egregious that it is tantamount to bad faith." Amlong, 457 F.3d at 1190 (quotation marks omitted).

First, sanctions against Jung under § 1927 were not appropriate because none of his actions multiplied proceedings. In any event, assuming, arguendo, that Jung had multiplied proceedings while representing Kathryn, there is no evidence that any of his actions were undertaken in bad faith. Therefore, he did not act "unreasonably and vexatiously," and it was not an abuse of discretion to deny sanctions against him.

Upon careful review of the record and upon consideration of the parties' briefs, we find no reversible error.

**AFFIRMED**

4