**PALMYRA PARK HOSPITAL, INC., d/b/a Palmyra Medical Center, Plaintiff,**

v.

**PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., et al., Defendants.**

**Case No. 1:08–CV–102(WLS).**

United States District Court, M.D. Georgia, Albany Division.

March 2, 2010.

William Harrison Hedrick, Albany, GA, Christine A. Hopkinson, King & Spalding LLP, M. Russell Wofford, Jr., Atlanta, GA, Jeffrey S. Spigel, Washington, DC, for Plaintiff.

Karin A. Middleton, Kenneth B. Hodges, III, Amy McCullough, Denise Cleveland–Leggett, Baudino Law Group, PLC, Albany, GA, David J. Darrell, Jan D. Gibson, Ralph Walker, Baudino Law Group, PLC, Des Moines, IA, for Defendants.

SANDS, District Judge.

Before the Court is Defendants Phoebe Putney Memorial Hospital, Inc.'s and Phoebe Putney Health System, Inc.'s Motion for Attorneys' Fees for the Filing of the Motion for Protective Order Regarding Plaintiff's Pending Discovery and Motion to Quash Third–Party Subpoenas (hereafter, "Defendants' Motion for Attorneys' Fees"). (Doc. 49). For the following reasons, Defendants' Motion for Attorneys' Fees (Doc. 49) is **DENIED.**

### BACKGROUND

On March 31, 2009, this Court entered an Order granting Defendants' two Motions to Dismiss. (Doc. 44). Also on March 31, 2009, this Court entered a Judgment in favor of Defendants, expressly stating that "Defendants are entitled to their costs of this action." (Doc. 45).

On April 15, 2009, Defendants filed their instant Motion for Attorneys' Fees (Doc. 49) and Brief in Support thereof (Doc. 50). On May 8, 2009, Plaintiff filed its Response in Opposition (Doc. 56), arguing, among other things, that Defendants' Motion for Attorneys' Fees was "filed ... a day late." (Doc. 56 at 2). On May 18, 2009, Defendants asserted, among other things, that their Motion for Attorneys' Fees was timely under both the Federal Rules of Civil Procedure and the Local Rules of this Court. (Doc. 57 at 2–3). Defendants did not request, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), a good-cause extension of time to file their Motion for Attorneys' Fees because of excusable neglect. (*See generally id.*); *see* Fed. R.Civ.P. 6(b)(1)(B). On June 26, 2009, following a grant of leave from the Court (Doc. 60), Plaintiff filed a Sur–Reply Brief in Opposition reasserting that, among other things, Defendants' Motion for Attorneys' Fees was indeed untimely under proper application of the Rules. (Doc. 61).

### *DISCUSSION*

### *I. JURISDICTION*

 Although not disputed by the Parties, this Court must determine its jurisdiction over the instant matter before continuing to the merits. Shortly after this Court entered its Judgment for Defendants (Doc. 45), Plaintiff filed its Notice of Appeal. (Doc. 46). It is well settled that when a party appeals a decision of the district court, jurisdiction over the aspects of the case involved in the appeal transfers to the appellate court. *E.g., Green Leaf Nursery v. E.I. DuPont De Nemours & Co.,* 341 F.3d 1292, 1309 (11th Cir.2003). However, the district court may retain jurisdiction to consider motions that are collateral to the matters on appeal. *E.g., Mahone v. Ray,* 326 F.3d 1176, 1179 (11th

Cir.2003). The Eleventh Circuit has expressly held that a district court may entertain a motion for attorneys' fees after a notice of appeal has been filed in the underlying case. *Rothenberg v. Sec. Mgmt. Co., Inc.,* 677 F.2d 64, 65 (11th Cir.1982); *see Briggs v. Briggs,* 260 Fed.Appx. 164, 165 (11th Cir.2007) (citing *Rothenberg* for same proposition). Based on Eleventh Circuit authority, therefore, this Court determines that it possesses jurisdiction over Defendants' Motion for Attorneys' Fees despite the underlying case currently being on appeal.

### *II. UNTIMELINESS OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES*

Since 1993, Federal Rule of Civil Procedure 54(d)(2)(B) has required attorneys' fees motions to be filed within 14 days after entry of judgment. *Baker v. Alderman,* 158 F.3d 516, 523 n. 32 (11th Cir. 1998). Rule 54(d)(2) provides in relevant part:

(2) *Attorney's Fees.*

(A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment.

Fed.R.Civ.P. 54(d)(2)(2008).[1]

Additionally, the Local Rules of this Court state the following regarding Motions for Attorneys' Fees:

---

**1.** The Court quotes the pre-December 1, 2009 version of the Federal Rules of Civil Procedure, which were in effect when the Court entered Judgment on March 31, 2009.

In all cases in which the prevailing party is entitled to an award of attorney's fees, a motion for attorney's fees must be filed within fourteen (14) days from the entry of judgment by the clerk unless otherwise provided by statute. Failure to file such a motion within the prescribed time period will be deemed a waiver of attorney's fees.

M.D. Ga. Local R. 54.1 (2008).[2] The Supreme Court has provided that "the district courts [are] free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees," *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 454, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), and the Eleventh Circuit has approved a substantially similar timing provision in the Middle District of Florida's Local Rules. *Grayden v. City of Orlando*, 171 Fed.Appx. 284, 286 (11th Cir. 2006) (approving M.D. Fla. Local R. 4.18(a)).

■ Applying the provisions of Federal Rule 54(d)(2)(B), Local Rule 54.1, and Federal Rule 6(a),[3] Defendants' Motion for Attorneys' Fees was clearly untimely by one day. This Court entered Judgment on March 31, 2009. (Doc. 45). Excluding the day of entry of judgment pursuant to Rule 6(a)(1), the 14–day clock under Rule 54(d)(2)(B) commenced on April 1, 2009. The fourteenth day, therefore, came and went on April 14, 2009, which was a non-holiday Tuesday not subject to Rule 6(a)(3). Defendants, however, filed their Motion for Attorneys' Fees on Wednesday,

April 15, 2009. (Doc. 49). It was a day late.

### III. INAPPLICABILITY OF RULE 6(d) AND RULE 6(b) TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES

In an attempt to remedy the tardiness of their Motion for Attorneys' Fees, Defendants assert that the three-day extension provided under Rule 6(d) and Local Rule 6.3[4] applies to their request. (Doc. 57 at 2–3). Plaintiff disagrees. (Doc. 56 at 2–3; Doc. 61 at 1–3). So does this Court, based on a plain reading of the Rules and the weight of federal authority.

■ First, an analysis of the Rules. Rule 6(d) states: "When a party may or must act within a specified time after *service* and *service* is made under [Rule 5(b)(2)(E) (sending by electronic means)], 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R.Civ.P. 6(d)(2008) (emphasis added); *see* Fed.R.Civ.P. 5(b)(2)(E)(2008). Rule 6(d)'s definition of "service" is limited to those papers described in Rule 5(a)(1), which provides:

Unless these rules provide otherwise, each of the following papers must be served on every party:

(A) an order stating that service is required;

(B) a pleading filed after the original complaint, unless the court orders

---

**2.** The Court quotes the pre-December 1, 2009 version of the Local Rules, which were in effect when the Court entered Judgment on March 31, 2009.

**3.** Rule 6(a) provides that in computing time: (1) the day of the act that begins the period shall be excluded; (2) when the period is less than 11 days then intermediate Saturdays, Sundays and legal holidays shall be excluded; and (3) when the last day of the period is a Saturday, Sunday, legal holiday or other day

the clerk's office is closed, the period runs to the next "open" day. Fed.R.Civ.P. 6(a)(2008).

**4.** Local Rule 6.3 simply states that Federal Rule of Civil Procedure 6(d) shall be precisely followed in this Court. M.D. Ga. Local R. 6.3 ("All time periods are to be calculated as directed by Fed.R.Civ.P. 6, with three (3) days added to the computed date when service is in accordance with Fed.R.Civ.P. 6(d).").

otherwise under Rule 5(c) because there are numerous defendants;

(C) a discovery paper required to be served on a party, unless the court orders otherwise;

(D) a written motion, except one that may be heard ex parte; and

(E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

Fed.R.Civ.P. 5(a)(1)(2008). Because this Court's entry of Judgment was not a paper encompassed by Rule 5(a)(1), it need not be served on every party. Thus lacking a service requirement, Rule 6(d) cannot be made applicable to this Court's entry of Judgment; Rule 6(d) only applies when "service is made under Rule 5(b)(2)(C), (D), (E), or (F)." Fed.R.Civ.P. 6(d)(2008); *see* Fed.R.Civ.P. 5(b)(2)(2008) (governing when "[a] paper is served under [Rule 5]"). This plain reading of the Rules shows that Rule 6(d) is not applicable to Defendants' Motion for Attorneys' Fees, because that motion was due within 14 days of entry of Judgment and not service of a paper described in Rule 5(a)(1). *Accord* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1171 (3d ed. 2002) ("It is important to understand that the three days will be added under Rule 6(e)[5] only when the period in question is measured from the service of a notice or other paper; the subdivision is inapplicable when some other act or event commences the time period, such as the entry of a judgment, the filing of a notice

of appeal, or a motion to remand or remove an action.").

Next, a survey of federal authority, starting with the Eleventh Circuit. In an unpublished opinion, the Eleventh Circuit addressed whether Rule 6(d)'s three-day extension applied to a prevailing party's Bill of Costs, which, like a motion for attorneys' fees, is governed by Rule 54. *Staib v. Preprint Publishing Co.,* 220 F.3d 589, Table (11th Cir.2000) (unpublished opinion), *available at Miller v. Ford Motor Co.,* No. 2:01–cv–545–FtM–29DNF, 2004 U.S. Dist. LEXIS 26543, at *5–18 (M.D.Fla. Dec. 17, 2004) (attaching *Staib* opinion to district court's order). The Eleventh Circuit held that by its plain language, Rule 6(d) only applies where the time period is triggered by service of notice or other paper, and that the rule was inapplicable where the motion for fees and costs "must be filed and served no later than fourteen days after *entry of judgment." Id.* at *13 (quoting Fed.R.Civ.P. 54) (emphasis in original). The Eleventh Circuit stated that the plain language of Rule 6(d) and prior Eleventh Circuit case law provided "that Rule 6(e)[6] does not apply to time periods that are triggered by the entry of a judgment or an order." *Id.* (citing *Clements v. Fla. E. Coast Ry.,* 473 F.2d 668, 670 (5th Cir.1973);[7] *Cavaliere v. Allstate Ins. Co.,* 996 F.2d 1111, 1114 (11th Cir.1993)).

Furthermore, the Eleventh Circuit held that Rule 6(b)'s excusable neglect provision[8] cannot apply where a party mistak-

---

**5.** Rule 6 was amended in December 2007, and what was contained in Rule 6(e) was renumbered as Rule 6(d). *See McCarty v. Astrue,* 528 F.3d 541, 543 n. 1 (7th Cir.2008); *Martin v. Richmond City Police Dep't,* No. 3:08cv849, 2009 WL 2232753, at *10 n. 12 (E.D.Va. July 21, 2009).

**6.** *See supra* note 5.

**7.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the

Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

**8.** Rule 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B)(2008).

enly believes that Rule 6(d) would have applied to render their late filing timely. *Id.* at \*14–15. Stated the Eleventh Circuit: "In previous rulings, we have made clear that 'as a matter of law ... an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline.'" *Id.* at \*15 (quoting *Advanced Estimating Sys. v. Riney,* 130 F.3d 996, 998 (11th Cir.1997) and citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

Beyond the Eleventh Circuit, the opinions are unanimous in finding Rule 6(d) inapplicable to a motion for attorneys' fees. The Seventh Circuit held that "Rule 6(e)[9] only enlarges the filing time when the period for acting runs from the service of a notice, not when the time for acting is designated from the entry of judgment." *McCarty v. Astrue,* 528 F.3d 541, 545 (7th Cir.2008) (citing *Johnson v. McBride,* 381 F.3d 587, 589 (7th Cir.2004)). The Ninth Circuit held that "Rule 6(e)[10] ... only enlarge[s] the filing time when the period for acting runs from the *service* of a notice by mail," and thus did not save an untimely filed motion for attorneys' fees. *Kyle v. Campbell Soup Co.,* 28 F.3d 928, 930 (9th Cir.1994) (emphasis in original). Similarly, the Fourth Circuit held that Rule 6(d) is inapplicable when a limitations period runs from the date on which judgment becomes final, and not from the date on which a party is served with or receives notification of the final judgment. *Rouse v. Lee,* 339 F.3d 238, 245–46 (4th Cir.2003) (citing cases in accord from the Second, Ninth, Tenth, and District of Columbia Circuits). A District Court within the Sixth Circuit

held Rule 6(d) inapplicable to a motion for attorneys' fees because "Rule 6(e)[11] only applies when the party must act within a prescribed period 'after service,'" whereas "Rule 54(d)(2) measures the time for acting from the date of entry rather than from the date of service." *Soltysiak v. Unum Provident Corp.,* 480 F.Supp.2d 970, 973 (W.D.Mich.2007) (citing *FHC Equities, L.L.C. v. MBL Life Assur. Corp.,* 188 F.3d 678, 681–82 (6th Cir.1999)). A District Court within the Third Circuit also held the same. *Fair Housing Council v. Montgomery Newspapers,* No. CIV.A.96–1381, 1997 WL 185935, at \*2 (E.D.Pa. Apr. 9, 1997); *accord* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1171 n. 2 (3d ed. 2002) (illustrating numerous additional situations in which Rule 6(d) has been held to be inapplicable).

Finally, regarding Rule 6(b)'s extension for "excusable neglect," other Circuit Courts have held that the extension is inapplicable when a party mistakenly believes that Rule 6(d) provides three additional days in which to file. The Seventh Circuit has stated: "The attorney's understanding that [Rule] 6(e)[12] provided him with three extra days to file a notice of appeal is inexcusable. An unaccountable lapse in basic legal knowledge is not excusable neglect." *McCarty,* 528 F.3d at 545. The First Circuit held that a "mistaken reliance on Rule 6(e)[13] could not be excusable neglect" and warned that "[s]uch a loose approach would open the gates." *Mattson v. Brown Univ.,* 925 F.2d 529, 532 (1st Cir.1991). And the Ninth Circuit, after discussing Mattson, stated "the general rule that a mistake of law does not constitute excusable neglect," and held that "the

---

9. *See supra* note 5.

10. *See supra* note 5.

11. *See supra* note 5.

12. *See supra* note 5.

13. *See supra* note 5.

district court abused its discretion by finding that mistaken reliance upon Rule 6(e)[14] amounted to excusable neglect in this matter." *Kyle,* 28 F.3d at 932.

Accordingly, this Court finds that the extensions under both Rule 6(d) and Rule 6(b) are inapplicable to Defendants' Motion for Attorneys' Fees (Doc. 49), which was filed one (1) day after expiration of the 14–day deadline provided under Rule 54(d)(2)(B)(i). Defendants' untimely Motion for Attorneys' Fees (Doc. 49) is therefore **DENIED.**

## *CONCLUSION*

For the foregoing reasons, Defendants' Motion for Attorneys' Fees (Doc. 49) is **DENIED.**